UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JESSICA A. JOHANAN, | Case No. 1:25-cv-01372 |
| Plaintiff, | Judge J. Philip Calabrese |
| v. | Magistrate Judge Jennifer Dowdell Armstrong |
| ALISON L. FLOYD, | |
| Defendant. | |

# OPINION AND ORDER

Plaintiff Jessica A. Johanan filed this action without a lawyer against Defendant Alison L. Floyd, a judge on the Cuyahoga Court of Common Pleas, Juvenile Division. Ms. Johanan is a party to a custody case over which Judge Floyd presides. Plaintiff cites multiple federal statutes and rules of civil procedure to allege, among other things, that Defendant refused to honor a contract, which led to a default judgment after a "Private Administrative Process." Plaintiff asks the Court to exercise jurisdiction to enforce this purported default judgment to return her "equitable property (child)" and award $2,600,000 for alleged pain and suffering. Defendant moves to dismiss.

## STATEMENT OF FACTS

On Defendant's motion to dismiss, the complaint alleges the following facts, which the Court accepts as true and construes in the light most favorable to Plaintiff, as it must in the present procedural posture.

On an unspecified date, Ms. Johanan claims that a second application to determine custody of her child was processed, though she was not properly served, resulting in a default judgment. (ECF No. 1, PageID #4.) Ms. Johanan alleges that she relocated with her child to North Carolina to escape domestic violence in a prior abusive relationship. (*Id.*)

In February 2025, Judge Floyd held a custody hearing in which Ms. Johanan claims that the judge "advised [her] that she would honor [the] original contract of child custody signed in May of 2024 if her demands were met." (*Id.*) Ms. Johanan did not specify what these alleged demands were but claims that she met them. (*Id.*) In May 2025, Ms. Johanan claims that she learned that the judge "would not be honoring the contract or reversing the order." (*Id.*) This decision led to the start of what Ms. Johanan calls a "Private Administrative Process" allegedly resulting in a default judgment of some sort. (*Id.*) On this point, the complaint is unclear. Whatever occurred, according to Defendant, an alleged failure to "honor[] the contract" resulted in awarding custody to the father of Ms. Johanan's child after she violated the court's custodial order. (ECF No. 6, PageID #67.)

Ms. Johanan claims that this "default judgment" requires the judge to honor the parties' alleged contract, return Ms. Johanan's "equitable property (child)," and "other various agreements that were not responded to that [Judge] Floyd tacitly agreed to." (ECF No.1, PageID #4.) According to Ms. Johanan, the "original contract" provided that she was the primary parent to care for her child, while the child's father had visitation rights. (*Id.*)

2

## STATEMENT OF THE CASE

Based on these allegations, Plaintiff filed suit in federal court. (*Id.*) She asks the Court to "provide a summary/default judgment enforcement per the Private Administrative Process" and order (1) the return of her "equitable property (child)," (2) adherence to "various agreements," and (3) award $2,600,000 in damages for pain and suffering "for [her] toddler being removed from her care without just cause." (*Id.*) Plaintiff invokes federal question jurisdiction based on 41 U.S.C. § 6503, Rule 4 and Rule 55 of the Federal Rules of Civil Procedure, "breach/violation of contract signed," "lack of due process–service of process," and "remedy sought after default judgment established." (*Id.*, PageID #3 (citation modified)).

Plaintiff filed multiple motions for default judgment that the Court denied. (ECF No. 5; ECF No. 10; ECF No. 13; ECF No. 14.) In these motions, Plaintiff lists 42 U.S.C. § 1983, among other statutes, as justification for jurisdiction, as well as alleged violations of the Due Process Clause of the Fourteenth Amendment. (ECF No. 5, PageID #57–61; ECF No. 13, PageID #112–13.)

Notably, this is not the first time that Ms. Johanan brought suit against Judge Floyd. On February 29, 2024, Ms. Johanan filed a complaint against Judge Floyd, the Cuyahoga County Juvenile Court, and others over events that transpired at a hearing. *See Johanan v. Cuyahoga Cnty. Juvenile Court, et al.*, No. 1:24-cv-00377 (N.D. Ohio). In that case, a different judge of the court dismissed the case for lack of jurisdiction after it determined that child custody determinations "are a matter of state law" and there was "no suggestion of a federal claim in the documents filed in

3

[the] action." (*See* No. 1:24-cv-00377, ECF No. 9, PageID #79.) Further, the court determined that "Ms. Johanan did not properly remove the action from the Cuyahoga County Juvenile Court." (*Id.*) Similarly, in this case, Plaintiff indicated that this case was "[r]emoved from State Court" in her civil cover sheet and her "[n]otice to the court regarding removal of case." (ECF No. 1-6, PageID #43; ECF No. 3, PageID #52.)

Defendant moves to dismiss for lack of subject-matter jurisdiction and failure to state a claim on which relief can be granted. (ECF No. 6, PageID #65.) In response to the motion dismiss, Plaintiff filed a one-page notice that did not address the substance of Defendant's arguments. (ECF No. 16.) In that notice, Plaintiff invoked federal jurisdiction under 42 U.S.C. § 1983 to remedy the deprivation of custody of her child and cites two cases. (*Id.*, PageID #121.) Also, she states that she is "the beneficial equitable title owner and holder in due course of said child and in equity this child has been claimed as my biological & intellectual property. Floyd has violated & usurped my trust rights, equity rights, & constitutional rights and seems to be proud of this." (*Id.*)

## ANALYSIS

Federal courts have limited jurisdiction. Unlike State trial courts, they do not have general jurisdiction to review all questions of law. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Instead, federal courts only have authority to decide cases that the Constitution and Congress empower them to resolve. *Id.* Consequently, it is to be presumed that a cause of action lies outside this limited jurisdiction, and the burden of establishing jurisdiction rests with the

4

party attempting to bring the case in federal court. *Kokkonen v. Guardian Life Ins. Co. of Am*erica, 511 U.S. 375, 377 (1994).

Generally speaking, the Constitution and Congress have given federal courts authority to hear a case only where diversity of citizenship exists between the parties or where the case raises a federal question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Here, Plaintiff alleges that the Court only has federal question jurisdiction. (ECF No. 1, PageID #3.) This type of jurisdiction arises where a "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Tr.*, 463 U.S. 1, 27–28 (1983). In determining whether a claim arises under federal law, the Court looks only to the "well-pleaded allegations of the complaint and ignores potential defenses" a defendant may raise. *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007).

Although Plaintiff brings an action under 42 U.S.C. § 1983 alleging violations of her federal civil rights, the Court nonetheless lacks jurisdiction. Federal courts lack jurisdiction over domestic relations matters. *Danforth v. Celebrezze*, 76 F. App'x 615, 616 (6th Cir. 2003). "Rather, state courts have exclusive jurisdiction over these matters." *Id.* "Although this domestic relations exception to federal jurisdiction does not apply to a civil action that merely has domestic relations overtones . . . , federal courts lack jurisdiction where the action is a mere pretense and the suit is actually concerned with domestic relations issues." *Id.*

5

Plaintiff attempts to provide another basis for federal question jurisdiction by invoking 41 U.S.C. § 6503, which "applies in case of breach or violation of a representation or stipulation included in a contract under section 6502." Section 6502 applies to "representations and stipulations" regarding "[a] contract made by an agency of the United States for the manufacture or furnishing of materials, supplies, articles, or equipment, in an amount exceeding $10,000." 41 U.S.C. § 6502. Therefore, "41 U.S.C. 6503 relates to public contracts with the federal government." *Marshall v. Snider-Blake Personnel*, No. 2:22-cv-3736, 2022 WL 16780688, at *3 (S.D. Ohio Nov. 8, 2022). Because Plaintiff brings no claim against the federal government, that statute has no application. Nor do the Federal Rules of Civil Procedure Plaintiff cites confer jurisdiction. "It is well settled that the Federal Rules of Civil Procedure 'do not extend or limit federal jurisdiction, but they implement the exercise of existing jurisdiction, which has been conferred by statute." *Post v. Bradshaw*, 422 F.3d 419, 423–24 (6th Cir. 2005) (citation omitted); *see also Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 370 (1978).

Notwithstanding the other bases Plaintiff uses to try to support her claims, the core concern of the complaint involves child custody, which are domestic relations issues over which federal courts lack jurisdiction. The Court lacks jurisdiction to determine the propriety of child custody. *See, e.g.*, *Danforth*, 76 F. App'x at 616–17 (affirming application of the domestic relations exception to preclude subject-matter jurisdiction where a plaintiff raised constitutional claims to try "to obtain federal review of domestic relations matters"); *Edelstein v. Flottman*, No. 24-3156, 2025 WL

6

609487, at *3 (6th Cir. Jan. 10, 2025) (affirming dismissal where plaintiffs "couched their claims" in terms of constitutional violations but "the substance of the claims revolves around [a] state courts' decisions in the domestic-relations proceedings as they relate to [child] custody and [child] visitation rights").

## CONCLUSION

For all of these reasons, the Court determines that it lacks subject-matter jurisdiction in this case. Therefore, the Court **GRANTS** Defendant's motion to dismiss. (ECF No. 6.)

**SO ORDERED.**

Dated: September 12, 2025

J. Philip Calabrese
United States District Judge
Northern District of Ohio