UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JESSICA A. JOHANAN, | ) | Case No. 1:25-cv-01372 |
| Plaintiff, | ) ) ) | Judge J. Philip Calabrese |
| v. | ) ) | Magistrate Judge Jennifer Dowdell Armstrong |
| ALISON L. FLOYD, | ) ) | |
| Defendant. | ) ) | |

**OPINION AND ORDER**

On July 22, 2025, Defendant Alison L. Floyd moved to dismiss this case for lack of subject-matter jurisdiction and failure to state a claim on which relief can be granted. (ECF No. 6.) On August 11, 2025, Plaintiff Jessica A. Johanan filed a notice (ECF No. 16) which the Court construed as a response to that motion. (ECF No. 17, PageID #125.) On September 12, 2025, the Court granted Defendant's motion to dismiss. (*Id.*, PageID #128; ECF No. 18.) Then, on September 16, 2025, Plaintiff's opposition to the motion to dismiss was filed on the docket. (ECF No. 19.) According to the envelope, Plaintiff mailed this motion on September 11, 2025. (ECF No. 19-1.)

Even treating the filing date of this response as September 11, 2025, it is untimely. Moreover, to the extent that this filing can be construed as a motion for reconsideration under Rule 59 of the Federal Rules of Civil Procedure, Plaintiff has not demonstrated an intervening change in the controlling law, established that new evidence is available, or argued that a clear error occurred or that reconsideration is necessary to prevent manifest injustice. *See Louisville/Jefferson Cnty. Metro. Gov't*

*v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009). Nor does the Court discern any such error or a manifest injustice upon re-review of the record.

Plaintiff's filing makes a variety of conclusory allegations, including that she has "properly stated claims, titles, instruments and documents clearly identifying [Plaintiff] as . . . the beneficial and equitable title holder/owner in due course" of her child, who she refers to as her "intellectual, biological, equitable chattel." (ECF No. 19, PageID #130.) Further, Plaintiff doubles down on her assertion that "Defendant has failed to rebut or answer [Plaintiff's] duly noticed administrative process." (*Id.*) Plaintiff purports "not merely [to be] seeking review of a state court custody determination," but further "contests the lawful possession of ownership regarding equitable, intellectual, biological, private property." (*Id.*, PageID #132.)

For the reasons discussed in its ruling on Defendant's motion to dismiss, federal courts lack jurisdiction over domestic relations matters, including in cases where "the action is a mere pretense and the suit is actually concerned with domestic relations issues. *Danforth v. Celebrezze*, 76 F. App'x 615, 616 (6th Cir. 2003). Nothing in Plaintiff's latest filing changes the fact that the core concern of the complaint involves child custody, which is a domestic relations issue over which federal courts lack jurisdiction. *Id.* at 616–17; *see also Edelstein v. Flottman*, No. 24-3156, 2025 WL 609487, at *3 (6th Cir. Jan. 10, 2025).

For all of these reasons, to the extent that this filing can be construed as a timely motion for reconsideration, the Court **DENIES** the motion (ECF No. 19) and

stands on its ruling dismissing the case for lack of subject-matter jurisdiction. (ECF No. 17.)

**SO ORDERED.**

Dated: September 16, 2025

J. Philip Calabrese
United States District Judge
Northern District of Ohio